# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | | |
|---|---|---|
| **XAVIER LIEF GULLEY,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **No.  6:26-CV-00074-LS** |
| | § | |
| **NATHAN RODRIGUEZ,** | § | |
| **REMINGTON HARRISON, AND CITY** | § | |
| **OF LACY LAKEVIEW,** | § | |
| | § | |
| *Defendants.* | § | |

## ORDER GRANTING PLAINTIFF'S MOTION TO STAY PROCEEDINGS

Plaintiff Xavier Gulley sued the defendants for using excessive force, false arrest and unlawful detention, equal protection violations, and violations of his due process rights under 42 U.S.C. § 1983. He sues the officers individually and asserts a Monell liability claim against the municipality.[1] He seeks a stay of this case while his related criminal charges are pending[2] and represents that he filed this lawsuit because of limitations concerns.[3]

A § 1983 plaintiff may not "recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless the plaintiff "can demonstrate that the conviction or sentence has already been invalidated" in some manner.[4] If a plaintiff files suit because of limitations concerns while the criminal case is still pending, "it is within the power of the district court, and in accord

---

[1] ECF No. 1 at 15–25.
[2] ECF No. 3.
[3] *Id.* at 2.
[4] *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994).

with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended."[5]

Plaintiff is currently charged in McLennan County with aggravated assault, attempted harassment of a public servant, burglary, assault family violence, unlawful restraint, resisting arrest, harassment of a public servant, and criminal mischief.[6] Plaintiff represents that his "claims are tied to [these] pending criminal charges" and that trial is scheduled for March of 2026.[7] Moreover, even when it is premature to determine whether claims may be barred under *Heck v. Humphrey*, a district court "may—indeed should—stay proceedings in the section 1983 case until the pending criminal case has run its course, as until that time it may be difficult to determine the relation, if any, between the two."[8]

*Heck v. Humphrey* only applies to Plaintiff's § 1983 claims, not his Monell claim against the city. However, some district courts have stayed cases where the claims "are intertwined and based on substantially the same factual allegations."[9] And a district court has the "discretionary authority to issue a stay."[10] Therefore, the Court will stay all of Plaintiff's claims against Defendants until his criminal case is resolved.

---

[5] *Wallace v. Kato*, 549 U.S. 384, 393–94 (2007).

[6] *Criminal Records*, McLennan County, Texas, https://mclennan.edoctec.com/McLennanDCWeb/CriminalRecords.aspx (search using Cause No. 2025-1368-C2) (last visited Feb. 19, 2026).

[7] ECF No. 3 at 1.

[8] *Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995); *see also Hopkins v. Ogg*, 783 F. App'x 350, 355 (5th Cir. 2019) (stating that the district court should have stayed the plaintiff's § 1983 lawsuit until his criminal case was resolved).

[9] *Willis v. City of Hattiesburg*, No. 2:14cv89-KS-MTP, 2015 WL 13651763, at *5 (S.D. Miss. Jan. 30, 2015); *see also Hayhurst v. Upper Makefiled Twp.*, No. 06-3114, 2007 WL 1795682, at *9 (E.D. Penn. June 20, 2007) (staying all the claims in the case, even though some were not barred by *Heck*).

[10] *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 243 (5th Cir. 2009) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936)).

For the foregoing reasons, Plaintiff's motion to stay proceedings [ECF No. 3] is granted. Plaintiff is ordered to file a status report every **60 days** from the date of this order on the status of his criminal charges. Plaintiff is also ordered to notify the court within **14 days** of any final adjudication in Plaintiff's criminal case, Cause No. 2025-1368-C2.

**SO ORDERED**.

**SIGNED** and **ENTERED** on February 27, 2026.

**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**